JUDGE SWEET

**FILE COPY**

Cozen O'Connor
Attorneys for Plaintiff
John B. Galligan, Esquire (JG-1589)
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

'09 CIV 8686

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL INSURANCE COMPANY,
an Indiana Corporation

        Plaintiff,

      v.

DISTINGUISHED PROPERTIES
UMBRELLA MANAGERS, INC.,
a Delaware Corporation or Group

      and

DISTINGUISHED PROGRAMS
INSURANCE BROKERAGE LLC,
a New York Corporation

      and

THE DISTINGUISHED PROGRAMS
GROUP LLC,
a Delaware Corporation

        Defendants.

---

CIVIL ACTION NO. *09 CIV 8686*

RECEIVED
OCT 14 2009
U.S.D.C. S.D.N.Y.
CASHIERS

**JURY TRIAL DEMANDED**

## **COMPLAINT**

Plaintiff, Federal Insurance Company (hereinafter "Plaintiff"), by and through its

attorneys of record, Cozen O'Connor, for its Complaint against Defendant, Distinguished

Properties Umbrella Managers, Inc., Defendant, Distinguished Programs Insurance Brokerage

LLC, and The Distinguished Programs Group LLC (hereinafter collectively referred to as "Defendants") alleges and states as follows:

## PARTIES

1.      Plaintiff is an Indiana corporation with its principal place of business located at 15 Mountain View Road, Warren, New Jersey.

2.      Defendant, Distinguished Properties Umbrella Managers, Inc. is a corporation or group organized and existing under the laws of Delaware with its principal place of business located at 6 East 43rd Street, New York, New York 10017.

3.      Defendant, Distinguished Programs Insurance Brokerage LLC, is a Delaware corporation with its principal place of business located at 6 East 43rd Street, New York, New York 10017.

4.      Defendant, The Distinguished Programs Group, LLC, is a Delaware corporation with its principal place of business located at 6 East 43rd Street, New York, New York 10017.

## JURISDICTION AND VENUE

5.      The incident and resulting damage which forms the basis of this lawsuit occurred in September of 2007.

6.      At all times relevant to this lawsuit, Plaintiff was authorized to conduct business in the State of New York.

7.      At all times relevant to this lawsuit, the Defendants were authorized to conduct business in the State of New York.

8.      The amount in controversy exceeds the sum of $75,000 exclusive of interest and cost.

9.    Jurisdiction in this case is based upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. §1332.

10.    Venue in this lawsuit is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(a) because the events giving rise to this lawsuit occurred in this district and the Defendants are residents of this district.

## FACTS

11.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

12.    Defendants provided insurance coverage placement and related claim reporting and underwriting services to Plaintiff at all times relevant to this lawsuit.

13.    Plaintiff relied upon the Defendants to perform a number of services including, but not limited to, issuance of certificates of insurance binding Plaintiff to coverage for certain risks, cancellation and non-renewal of certificates of insurance, and determination of coverage and reporting of covered claims to Plaintiff.

14.    The Defendants were authorized to act on behalf of Plaintiff in binding insurance coverage for different insureds at various properties. In doing so, the Defendants were responsible for issuing certificates of insurance and providing notice of subsequent claims to Plaintiff after the Defendants ascertained that coverage existed for claims against an insured to which the Defendants had issued a certificate of insurance.

15.    The foregoing course of conduct, dealings, and transactions created a special relationship between Defendants and Plaintiff whereby Defendants had a duty to provide Plaintiff with correct and accurate information.

16.    The Defendants advised Plaintiff on December 17, 2004 that an insured and property known as 65 Ocean Avenue Associates LLC and located at 65 Ocean Avenue,

3

Brooklyn, New York had been deleted from the coverage under Plaintiff's policy of insurance effective May 4, 2004 pursuant to the Defendants' "Acknowledgement of Change in Coverage Master Purchasing Group Policies" transmitted by the Defendants to Plaintiff's underwriting department. The Defendants sent this change in coverage notice on December 17, 2004 as part of the underwriting services provided by the Defendants to Plaintiff, and in particular the cancellation of coverage services provided by the Defendants to Plaintiff. See, Exhibit "A" attached hereto.

17.    On December 24, 2004, an employee of an elevator service company suffered significant personal injury while performing work at the 65 Ocean Avenue property. This personal injury claim was the subject of a subsequent lawsuit styled *Todorovic v. 65 Avenue Associates and Pliskin Realty & Development, Inc.*, New York Supreme Court, Bronx County, Case No.: 14179-05 (hereinafter "the *Todorovic* lawsuit").

18.    Thereafter, contrary to the written advices and instructions which the Defendants transmitted to Plaintiff in their December 17, 2004 "Acknowledgement of Change in Coverage Master Purchasing Group Policies," and knowing that Plaintiff would rely upon the Defendants to report only those claims which were covered under Plaintiff's policy, the Defendants transmitted to Plaintiff's claim reporting department on April 20, 2005 a "First Notice of Umbrella Claim" in connection with the *Todorovic* lawsuit. On this April 20, 2005 notice, the Defendants affirmatively and expressly represented to Plaintiff that the personal injury claim at the 65 Ocean Avenue property which was the subject of the *Todorovic* lawsuit was covered under Plaintiff's policy of insurance. This April 20, 2005 notice also included as part of Defendants' affirmative and express representation of coverage a copy of the Summons and Complaint in the *Todorovic* lawsuit with a certificate of insurance. This certificate of insurance stated that coverage existed for this personal injury claim under the Plaintiff's policy for the

period of January 6, 2004 through January 6, 2005, which encompassed the date of the

underlying personal injury claim on December 24, 2004. See, Exhibit "B" attached hereto.

19.     The Defendants provided this First Notice of Umbrella Claim, with the Summons

and Complaint and certificate of insurance, as part of the claim reporting services which the

Defendants provided to Plaintiff, and in particular the service of providing notice to Plaintiff of

claims for which the Defendants had ascertained that coverage existed pursuant to certificates of

insurance issued by the Defendants and other information known to Defendants.  The Defendants

knew or should have known that Plaintiff would rely upon the accuracy of this First Notice of

Umbrella Claim and accept coverage for the claim, since it was sent by the Defendants to

Plaintiff's claim department subsequent to the Defendants' Acknowledgement of Change in

Coverage Master Purchasing Group Policies sent to Plaintiff's underwriting department, and this

First Notice of Umbrella Claim affirmatively and expressly represented that coverage existed for

the claim pursuant to its plain wording, the Summons and Complaint and certificate of insurance

included with it, and longstanding established practice and procedure between the Defendants

and Plaintiff.

20.     Plaintiff thereafter continued to rely on the accuracy of this coverage information

provided by the Defendants with respect to the personal injury claim which was the subject of

the *Todorovic* lawsuit, and the Defendants knew or should have known that Plaintiff would

continue to rely solely and exclusively on the Defendants' confirmation of coverage.  As a result,

the Defendants had a continuing obligation to notify Plaintiff of the Defendants' incorrect

representation that coverage existed under the Plaintiff's policy for the personal injury claim

which was the subject of the *Todorovic* lawsuit.

21.     The Defendants failed to notify Plaintiff that the Plaintiff's policy of insurance did

not cover the personal injury claim which was the subject of the *Todorovic* lawsuit and, as a

result, Plaintiff wrongfully paid $1,125,000.00 in settlement of this personal injury claim in September of 2007.

22.    The Defendants knew or should have known that Plaintiff would suffer these damages as a result of the Defendants wrongful notification of coverage for this personal injury claim, thereby requiring the Defendants to take action to correct same.

23.    The Defendants knew that Plaintiff relied on the Defendants at all times throughout the course and scope of their dealings to provide complete and accurate information regarding insureds and coverage for claims under the Plaintiff's policy of insurance.

24.    The Defendants failed to provide complete and accurate information about coverage for this personal injury claim even though the Defendants knew or should have known that they had deleted the 65 Ocean Avenue property from the Plaintiff's policy coverage.

25.    As a result of the actions and inactions of the Defendants, Plaintiffs suffered damages of not less than $1,125,000.00 and in an amount to be proven at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

### Negligence

26.    Plaintiff realleges all preceding paragraphs as though fully set forth herein.

27.    The damage sustained by the Plaintiff was a readily foreseeable consequence of the failure of the Defendants to properly investigate and determine coverage under Plaintiff's policy before providing notice to Plaintiff about coverage for the underlying personal injury claim which was the subject of the *Todorovic* lawsuit.

28.    The Defendants breached the duty they owed to the Plaintiff by failing to properly investigate and determine coverage for this personal injury claim, and in wrongfully reporting this personal injury claim to Plaintiff and advising Plaintiff that their was coverage for same when no such coverage existed.

29.    The Defendants further breached the duty owed to Plaintiff by their continuing failure to properly investigate and determine coverage for this personal injury claim, and in failing to correct the wrongful reporting of coverage for this personal injury claim prior to September of 2007 and the damages sustained by Plaintiff at that time.

30.    The breach of the duties owed by the Defendants to Plaintiff proximately caused damage to the Plaintiff in the amount of not less than $1,125,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of not less than $1,125,000.00 plus all interest and costs to which it is entitled at law.

## AS AND FOR A SECOND CAUSE OF ACTION

### Negligent Misrepresentation

31.    Plaintiff realleges all preceding paragraphs as though fully set forth herein.

32.    The Defendants owed a duty to Plaintiff as a result of their special relationship with the Plaintiff which was created by the course of conduct, dealings, and transactions between the Defendants and Plaintiff, which required the Defendants to providing accurate and correct notice to Plaintiff about coverage for the personal injury claim which was the subject of the *Todorovic* lawsuit.

33.    The Defendants breached the duty they owed to the Plaintiff by making a false representation about coverage for this personal injury claim when it inaccurately and incorrectly reported this personal injury claim to Plaintiff, and advised Plaintiff that their was coverage for same, when no such coverage existed, and the Defendants knew or should have known that this information was inaccurate and incorrect.

34.    The Defendants knew that the Plaintiff relied upon the Defendants to provide accurate and correct information, since the Defendants also knew that Plaintiff used this information in accepting coverage under its policy of insurance, and in fulfilling its duty to

indemnify in connection with the personal injury claim which was the subject of the *Todorovic* lawsuit.

35.    The Plaintiff intended to, and did, in fact, rely and act upon the Defendants' inaccurate and incorrect notice to Plaintiff about coverage for the personal injury claim which was the subject of the *Todorovic* lawsuit without knowing that it was inaccurate and incorrect and, as a result, Plaintiff sustained significant damages in September of 2007.

36.    The breach of the duty owed by the Defendants to Plaintiffs proximately caused damage to the Plaintiff in the amount of not less than $1,125,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of not less than $1,125,000.00 plus all interest and costs to which it is entitled at law.

## AS AND FOR A THIRD CAUSE OF ACTION

### Breach Of Contract

37.    Plaintiff realleges all preceding paragraphs as though fully set forth herein.

38.    The course of dealings between Plaintiff and the Defendants, and the good and valuable consideration paid by the Plaintiff to Defendants in connection therewith, constituted a contract pursuant to which Defendants were required to perform a number of services.

39.    The services required of the Defendants pursuant to the contract included, *inter alia*, issuances of certificates of insurance, cancellation and non-renewal of certificates of insurance, proper investigation and determination of coverage for claims, and proper and accurate reporting of claims to Plaintiff after the Defendants determined that there was coverage for same.

40.    The Defendants breached their contract with the Plaintiff since they failed to properly investigate and determine coverage for the personal injury claim which was the subject of the *Todorovic* lawsuit, and in wrongfully reporting coverage for the claim to the Plaintiff.

41.    The Defendants further breached their contract with the Plaintiff by their continuing failure to properly investigate and determine coverage for this personal injury claim, and in failing to correct the wrongful reporting of coverage for this personal injury claim prior to September of 2007 and the damages sustained by Plaintiff at that time.

42.    The Defendants' breaches of contract caused damages to the Plaintiff in the amount of $1,125,000.00.

WHEREFORE, Plaintiff, Federal Insurance Company, hereby requests judgment in its favor and against Defendants, Distinguished Properties Umbrella Managers, Inc., Distinguished Programs Insurance Brokerage LLC, and The Distinguished Programs Group, LLC, as follows: (1) that the Plaintiff be awarded all damages according to its proof at trial, but in an amount of not less than $1,125,000.00; (2) that the Defendants be held jointly and severally liable for all of Plaintiff's damages; (3) that the Plaintiff be awarded all prejudgment and post judgment interest and all costs and attorney's fees as allowed by law; and (4) that the Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 8, 2009

COZEN O'CONNOR

By:_____
     John B. Galligan, Esquire (JG-1589)
     45 Broadway, 16th Floor
     New York, NY 10006
     (212) 509-9400

OF COUNSEL:
Daniel C. Theveny, Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

# D

## THE DISTINGUISHED PROGRAMS GROUP, L.L.C.

6 East 43rd Street, New York, NY 10017-4609 • (212) 297-3100 • Toll Free (888) 355-4626 • Fax: (212) 297-3131

| | |
|---|---|
| To: | Chubb/Claim Reporting |
| Fax: | 800-300-2538  Phone: 800-252-4670 |
| From: | Natalie Rowe |
| Date: | Apr 20, 2005 |
| Re: | First Notice of Umbrella Claim |

| | |
|---|---|
| Named Insured: | The Grove, LLC<br>c/o Irving Tire Co. Inc.<br>Carle Place, NY 11514 |
| Contact: | David Pliskin<br>Phone #: (516) 997-8080 |
| : | Insured |
| Date of Loss: | 12/24/2004 |
| Loss Location: | 65 Ocean Avenue<br>Brooklyn, NY 11225 |
| Description of Incident: Ocean Avenue. | Claimant (Elevator Repairman) alleges lost of four fingers while working on unit at 65 |
| Policy Number: | 79498682 |
| Policy Period: | 1/6/2004 to 1/6/2005 |
| Limits: | $25,000,000/OCC with a $25,000,000/AGG |
| Claimant: | Todorovic, Zorica |
| Primary Carrier: | Alea North American<br>Adjuster: Freddy Perez<br>Phone: 212-338-2000 x2235<br>Claim #: EN0335 |
| Notes: | Attached see copy of summons & complaint. Please advise claim number & adjuster. |

Please fax Claim Acknowledgement to:

Natalie Rowe
The Distinguished Programs Group
Fax #: 212-297-3131

04/20/2005  17:00   2122973131                          DISTINGUISHED PROPE   PAGE  02/18

04/18/2005   17:05                                                          NO.044   D02

TORS

SUPREME COURT O  THE STATE OF NEW YORK         **SUMMONS**
COUNTY OF BRONX                                 Index No.   14179-05
--------------------------------------X        Date Filed:
SASHA TODOROVIC and ZORICA TODOROVIC,

                           Plaintiffs,         Plaintiff designates
                                               County of BRONX as the place
                                               of trial
             -against-
                                               Basis of Venue:
65 OCEAN AVENUE ASSOCIATES, and PLISKIN         Plaintiff resides at:
REALTY & DEVELOPMENT, INC.,

                           Defendants.         3201 Arlington Avenue - Apt. 3A
                                               Bronx, New York 10463
--------------------------------------X

**To the above named Defendants:**

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 15, 2005

                                               **Russo, Keane & Toner, LLP**
                                               Attorney's for Plaintiff
Notice: The object of this action is to        26 Broadway, 28th Floor
recover for personal injury                    New York, New York 10004
due to defendant(s) negligence                 (212) 482-0001

The relief sought is Monetary Damages

    Upon your failure to appear, judgment will be taken against you by default in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court with interest from December 24, 2004 and the costs of this action

### DEFENDANT(S) ADDRESS(ES)

65 Ocean Avenue Associates              Pliskin Realty & Development, Inc.
179 Westbury Avenue                     179 Westbury Avenue - 2nd Floor
Carle Place, New York 11514             Carle Place, New York 11514

04/20/2005  17:00    2122973131                    DISTINGUISHED PRGMS                    PAGE  03/18

04/18/2005    17:06                                                          NO.044    D03

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
SASHA TODOROVIC and ZORICA TODOROVIC,

                Plaintiffs,

        -against-

65 OCEAN AVENUE ASSOCIATES, and PLISKIN
REALTY & DEVELOPMENT, INC.,

                Defendants.
-------------------------------------------------------------X

**VERIFIED COMPLAINT**
Index No. 14179-05
Date Filed:

RECEIVED

2005 APR 13 AM 9:14
COUNTY CLERK
BRONX COUNTY

    Plaintiffs, SASHA TODOROVIC and ZORICA TODOROVIC, by their attorneys,

RUSSO, KEANE & TONER, LLP, for a verified complaint alleges as follows:

### AND AS FOR THE FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SASHA TODOROVIC

    1.    That on December 24, 2004, and at all times hereinafter mentioned, Plaintiffs were,

and still are, residents of the County of BRONX, State of New York.

    2.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant

**65 OCEAN AVENUE ASSOCIATES** was and still is a domestic corporation duly organized and

existing under by virtue of the laws of the State of New York.

    3.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant

**65 OCEAN AVENUE ASSOCIATES** was and still is a partnership duly organized and existing

under by virtue of the laws of the State of New York.

    4.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant

**65 OCEAN AVENUE ASSOCIATES** was and still is a limited liability partnership duly organized

and existing under by virtue of the laws of the State of New York.

    5.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant

04/20/2005 17:00    2122973131    DISTINGUISHED PRGMS    PAGE  04/18

04/18/2005    17:06    NO.044    P04

65 OCEAN AVENUE ASSOCIATES was and still is a sole proprietorship duly organized and existing under by virtue of the laws of the State of New York.

6.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant 65 OCEAN AVENUE ASSOCIATES was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

7.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant PLISKIN REALTY & DEVELOPMENTAL, INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York.

8.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant PLISKIN REALTY & DEVELOPMENTAL, INC., was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York.

9.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant PLISKIN REALTY & DEVELOPMENTAL, INC., was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York.

10.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant PLISKIN REALTY & DEVELOPMENTAL, INC., was and still is a sole proprietorship duly organized and existing under by virtue of the laws of the State of New York.

11.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant PLISKIN REALTY & DEVELOPMENTAL, INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

12.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant PLISKIN REALTY & DEVELOPMENTAL, INC., was and still is a foreign corporation authorized to do and doing business in the State of New York.

04/20/2005  17:00    2122973131              DISTINGUISHED PRGMS                    PAGE  05/18

04/18/2025    17:06                                                                    NO.044    P05

13.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant 65 OCEAN AVENUE ASSOCIATES owned the premises and appurtenances and fixtures thereto, located at 65 Ocean Avenue, Brooklyn, New York 11225.

14.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant 65 PLISKIN REALTY & DEVELOPMENTAL, INC., owned the premises and appurtenances and fixtures thereto, located at 65 Ocean Avenue, Brooklyn, New York 11225.

15.    That at all times hereinafter mentioned, and upon information and belief, the Defendant 65 OCEAN AVENUE ASSOCIATES was the lessor of the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

16.    That on December 24, 2004, and at all times hereinafter mentioned, the Defendant PLISKIN REALTY & DEVELOPMENTAL, INC., was the lessor of the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

17.    That at all times hereinafter mentioned, and upon information and belief, the Defendant 65 OCEAN AVENUE ASSOCIATES was the lessee of the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

18.    That at all times hereinafter mentioned, and upon information and belief, the Defendant PLISKIN REALTY & DEVELOPMENTAL, INC., was the lessee of the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

19.    That at all times hereinafter mentioned, and upon information and belief, the Defendant 65 OCEAN AVENUE ASSOCIATES operated the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

20.    That at all times hereinafter mentioned, and upon information and belief, the Defendant PLISKIN REALTY & DEVELOPMENTAL, INC., operated the premises located at

04/20/2005  17:00    2122973131    DISTINGUISHED PRGMS                    PAGE  06/18

04/18/2005    17:06                                              NO.044    ⊡06

65 Ocean Avenue, Brooklyn, New York 11225.

21.    That at all times hereinafter mentioned, and upon information and belief, the Defendant **65 OCEAN AVENUE ASSOCIATES** managed the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

22.    That at all times hereinafter mentioned, and upon information and belief, the Defendant **PLISKIN REALTY & DEVELOPMENTAL, INC.,** managed the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

23.    That at all times hereinafter mentioned, and upon information and belief, the Defendant **65 OCEAN AVENUE ASSOCIATES** controlled the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

24.    That at all times hereinafter mentioned, and upon information and belief, the Defendant **PLISKIN REALTY & DEVELOPMENTAL, INC.,** controlled the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

25.    That at all times hereinafter mentioned, and upon information and belief, the Defendant **65 OCEAN AVENUE ASSOCIATES** maintained the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

26.    That at all times hereinafter mentioned, and upon information and belief, the Defendant **PLISKIN REALTY & DEVELOPMENTAL, INC.,** maintained the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

27.    That at all times hereinafter mentioned, and upon information and belief, the Defendant **65 OCEAN AVENUE ASSOCIATES** performed repairs at the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

28.    That at all times hereinafter mentioned, and upon information and belief, the

04/20/2005  17:00    2122973131    DISTINGUISHED PRGMS    PAGE  07/18

04/18/2005    17:06    NO.044    D07

Defendant **PLISKIN REALTY & DEVELOPMENTAL, INC.,** performed repairs at the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

29.    That on December 24, 2004 Plaintiff **SASHA TODOROVIC** was lawfully on the premises located at 65 Ocean Avenue, Brooklyn, New York 11225.

30.    That on December 24, 2004, while Plaintiff **SASHA TODOROVIC,** was lawfully on the premises located at 65 Ocean Avenue, Brooklyn, New York 11225 he was caused to trip and/or slip and fall in the elevator equipment, maintenance and control room of the premises and sustained serious and permanent injuries.

31.    That the said incident and resulting injuries to the plaintiff were caused through no fault of his own, but were solely and wholly by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants, their agents, servants and/or employees were careless, reckless and negligent in improperly, carelessly and negligently owning, operating, maintaining and controlling said premises in causing, suffering, directing, permitting and allowing said premises and the floors thereat to be, become and remain in a dangerous, defective, hazardous, unsafe, condition.

32.    That the plaintiff's accident was caused by an unreasonably unsafe defective condition in the area of the elevator equipment in the basement of said premises.

33.    That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

34.    That the above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

04/20/2005 17:00   2122973131      DISTINGUISHED PRGMS                    PAGE 08/18
    04/18/2005   17:06                                              NO.044   D08

35.   That by reason of the foregoing, Plaintiff **SASHA TODOROVIC**, was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

36.   That this action falls within one or more of the exceptions set forth in CPLR § 1602.

37.   That as a result of the foregoing, the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AND AS FOR THE SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SASHA TODOROVIC

38.   Plaintiff, **SASHA TODOROVIC**, repeats, reiterates and realleges each and every allegation as contained in paragraphs "1" through "37" inclusive, with the same force and effect as if hereinafter set forth more fully at length.

39.   That upon information and belief, the Defendants are subject to provisions of the New York State Labor Law in the State of New York, particularly Labor Law §200, and the Occupational Safety and Health administration rules of the labor department, and subject to provisions of the Industrial Code and the Rules of the Board of Standards and Appeals of the Department of Labor of the State of New York, and the plaintiff's injuries were as a result of violations of said rules and regulations, particularly Labor Law §200.

40.   That at all times herein mentioned Plaintiff was, with respect to the Property, a "person employed therein or lawfully frequenting such places" within the meaning of Labor Law §200, and in all other respects, lawfully on the Property.

41.   That at all times herein mentioned, the defendants were under a statutory duty to

04/20/2005  17:00    2122973131                    DISTINGUISHED PROMS                    PAGE    09/18

04/18/2005    17:06                                                                    NO.044    009

provide the Plaintiff with reasonable protection from hazards and a safe place to work.

42.     That the injury to plaintiff was caused by the defendants their agents, servants, employees, and by failure to provide a safe place to work pursuant to Labor Law §200, and other federal, state and local statutes, ordinances and regulations.

43.     That in violation of these aforesaid duties, the defendants failed to provide reasonable and adequate protection to the life, health and safety of the plaintiff; failed to provide safe means to the elevator equipment in the basement of the premises; failed to furnish necessary and proper lighting and footing for the use and benefit of persons working in the elevator equipment room of the basement in said premises, including the Plaintiff herein; and in failing to provided other adequate, proper and necessary safety equipment and precautions for the Plaintiff.

44.     That by reason of the foregoing, Plaintiff SASHA TODOROVIC, was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

45.     That this action falls within one or more of the exceptions set forth in CPLR § 1602.

46.     That as a result of the foregoing, the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

04/20/2005  17:00    2122973131    DISTINGUISHED PRGMS    PAGE  10/18

04/18/2005   17:06    NO.044   D10

## AND AS FOR THE THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SASHA TODOROVIC

47.    Plaintiff, SASHA TODOROVIC, repeats, reiterates and realleges each and every allegation as contained in paragraphs "1" through "46" inclusive, with the same force and effect as if hereinafter set forth more fully at length.

48.    That upon information and belief, the Defendants are subject to provisions of the New York State Labor Law in the State of New York, particularly Labor Law §241 (6), and the Occupational Safety and Health administration rules of the labor department, and subject to provisions of the Industrial Code and the Rules of the Board of Standards and Appeals of the Department of Labor of the State of New York, and the plaintiff's injuries were as a result of violations of said rules and regulations, particularly Labor Law §241 (6).

49.    That at all times herein mentioned Plaintiff was, with respect to the Property, a "person employed therein or lawfully frequenting such places" within the meaning of Labor Law §241 (6), and in all other respects, lawfully on the Property.

50.    That at all times herein mentioned, the defendants were under a statutory duty to provide the Plaintiff with reasonable protection from hazards, a safe place to work and comply with the Industrial Code and Rules of the Board of Standards and Appeals.

51.    That the injury to plaintiff was caused by the defendants, their agents, employees, servants and by their breach of the various provisions of the Labor Law §241 (6), and other federal, state and local statutes, ordinances and regulations.

52.    That in violation of these aforesaid duties, the defendants failed to provide reasonable and adequate protection to the life, health and safety of the plaintiff, failed to provide safe means to the elevator equipment in the basement of the premises; failed to furnish necessary and proper

lighting and footing for the use and benefit of persons working in the elevator equipment room of the basement in said premises, including the Plaintiff herein; and in failing to provided other adequate, proper and necessary safety equipment and precautions for the Plaintiff.

53.    That by reason of the foregoing, Plaintiff SASHA TODOROVIC, was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

54.    That this action falls within one or more of the exceptions set forth in CPLR § 1602.

55.    That as a result of the foregoing, the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AND AS FOR THE FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ZORICA TODOROVIC

56.    Plaintiff, ZORICA TODOROVIC, repeats, reiterates and realleges each and every allegation as contained in paragraphs "1" through "55" inclusive, with the same force and effect as if hereinafter set forth more fully at length.

57.    That at all times herein mentioned, Plaintiff, ZORICA TODOROVIC, was the wife of the Plaintiff, SASHA TODOROVIC, and as such was entitled to the society, services and consortium of her husband, SASHA TODOROVIC.

58.    That by reason of the foregoing, Plaintiff, ZORICA TODOROVIC, was deprived of the society, services and consortium of the Plaintiff, SASHA TODOROVIC, and shall forever be deprived of said society, services and consortium.

04/20/2005  17:00     2122973131                DISTINGUISHED PRGMS                    PAGE  12/18

04/18/2005    17:06                                                                    NO.044   P12

59.     That by reason of the foregoing, Plaintiff, ZORICA TODOROVIC, the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiffs, SASHA TODOROVIC and ZORICA TODOROVIC, demands judgement against defendants in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: New York, New York
        March 31, 2005

                                     Yours, etc.,

                                     ALAN S. RUSSO, ESQ.
                                     RUSSO, KEANE & TONER, LLP
                                     Attorneys for Plaintiff
                                     26 Broadway, 28th Floor
                                     New York, New York 10004
                                     (212) 482-0001
                                     Our File No.: 610.104

04/20/2005  17:08    2122973131    DISTINGUISHED PRGMS    PAGE  13/18

04/18/2005    17:06    NO.044    013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------------X

SASHA TODOROVIC and ZORICA TODOROVIC,

Plaintiffs,

**INDIVIDUAL VERIFICATION**

-against-

65 OCEAN AVENUE ASSOCIATES, and PLISKIN
REALTY & DEVELOPMENT, INC.,

Defendants.

--------------------------------------------------------X

SASHA TODOROVIC, being duly sworn deposes and says:

I am the plaintiff in the action herein. I have read the annexed Summons and Verified Complaint and know the contents thereof and that same are true to the best of my own knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_Sasha Todorovic_
SASHA TODOROVIC

STATE OF NEW YORK  )
                                      ss.:
COUNTY OF NEW YORK  )

On the 8th day of April, 2005 before me personally came SASHA TODOROVIC to me known and known to me to be the individual described herein and who executed the foregoing instrument, and who duly acknowledged to me that he executed same.

_Notary Public_

ROZETTA C. SKALLERUD
Commissioner of Deeds
City of New York No. 2-12973
Certified in Kings County
Expires September 16, 2006

SUPREME COURT O⋅ THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
SASHA TODOROVIC and ZORICA TODOROVIC,

                               Plaintiffs,              **INDIVIDUAL**
                                                        **VERIFICATION**

               -against-

65 OCEAN AVENUE ASSOCIATES, and PLISKIN
REALTY & DEVELOPMENT, INC.,

                               Defendants.
------------------------------------------------------------X

ZORICA TODOROVIC, being duly sworn deposes and says:

I am the plaintiff in the action herein. I have read the annexed Summons and Verified

Complaint and know the contents thereof and that same are true to the best of my own knowledge,

except those matters therein which are stated to be alleged on information and belief, and as to those

matters I believe them to be true.

_____
ZORICA TODOROVIC

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF NEW YORK )

On the 8th day of _April_ , 2005  before me personally came
ZORICA TODOROVIC , to me known and known to me to be the individual described herein and
who executed the foregoing instrument, and who duly acknowledged to me that he executed same.

_____
Notary Public

ROZETTA C. SKALLERUD
Commissioner of Deeds
City of New York No. 2-12372
Qualified in Kings County
Commission Expires September 16, 200_

# CERTIFICATE OF COVERAGE
# UMBRELLA LIABILITY POLICIES

| Certificate Number 9974751 | Participating Insurance Companies (See Below) | Maser Policy Numbers (See Below) |
|---|---|---|

## DISTINGUISHED PROPERTIES UMBRELLA MANAGERS, INC. AND ITS MEMBERS
### A Real Estate Risk Purchasing Group

Distinguished Properties Umbrella Managers Inc. Purchasing Group Member (Certificate Holder) and Mailing Address:

**The Grove, LLC,**
**c/o Irving Tire Co. Inc., 179 Westbury Avenue**
**Carle Place, NY 11514**

Location(s) and Other Named Insured(s): Per schedules attached to Certificate of Coverage

Coverage Period: **1/6/2004 to 1/6/2005**
12:01 a.m. Standard Time at the Mailing Address of Purchasing Group Member as stated herein.

## PARTICIPATING INSURANCE COMPANIES:

### DETAILS OF INSURANCE COMPANIES AND $100,000,000 LIMITS OF LIABILITY:

**Federal Insurance Company**
Policy No. 7949-86-82
$25,000,000 each occurrence
$25,000,000 aggregate
Retention Amount: $10,000 (SIR - Coverage B Only)

**Continental Casualty Insurance Company (CNA)**
Policy No. RDX1068019340
$15,000,000 part of $30,000,000

**Athena Assurance Company**
Policy No. QI06800447
$15,000,000 part of $30,000,000

$30,000,000 per occurrence/$30,000,000 aggregate
excess of $25,000,000 underlying umbrella (Quota Share Layer)

**Newmarket Underwriters Insurance Company** (Non-Admitted)
Policy No. NU1240175

**-OR-**

**Commercial Underwriters Insurance Company** (Non-Admitted)
(aka Allied World Assurance Company (U.S.), Inc.)
Policy No. AW0795198

$25,000,000 each occurrence/$25,000,000 aggregate
excess of $55,000,000 underlying umbrellas

**Ohio Casualty Insurance Company**
Policy No. ECO0452880180
$20,000,000 each occurrence/$20,000,000 aggregate
excess of $80,000,000 underlying umbrellas

**SCHEDULE OF UNDERLYING INSURANCE LIMITS OF LIABILITY:**
Refer to Schedule of Underlying Insurance Form No.07-02-0922 (Rev. 9/92) Attached to Policy No. 7949-86-82
See Below for A.M. Best Rating Requirement

**FORMS AND ENDORSEMENTS ATTACHED AT INCEPTION:**
Refer to Umbrella Schedule of Forms No.07-02-0822 (Rev. 5/95) Attached to Policy No. 7949-86-82
Refer to Excess Policies for Additional Forms and Endorsements Attached at Inception.

**ADDITIONAL ENDORSEMENTS, EXTENSIONS, EXCLUSIONS, OR EXCEPTIONS** Attached to Policy No. 7949-86-82:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED ABOVE HAVE BEEN ISSUED TO DISTINGUISHED PROPERTIES UMBRELLA MANAGERS, INC. PURCHASING GROUP. THE INSURANCE AFFORDED BY THESE POLICIES SHALL APPLY TO THE DISTINGUISHED PROPERTIES UMBRELLA MANAGERS, INC. PURCHASING GROUP MEMBER NAMED ABOVE AND SHALL BE GOVERNED BY AND SUBJECT TO ALL THE TERMS, EXCLUSIONS, AND CONDITIONS OF SAID POLICY(S).

**A.M. BEST RATING REQUIREMENT:**
IT IS WARRANTED BY THE PURCHASING GROUP MEMBER THAT ALL UNDERLYING INSURERS ARE RATED A-VI OR HIGHER BY A.M. BEST
AT THE TIME THE UNDERLYING COVERAGE BECAME EFFECTIVE AND WHEN IT IS RENEWED OR REPLACED.

ISSUE DATE: February 18,2004                    AUTHORIZED SIGNATURE:

*Service Underwriter:* Taryn J. Rosu

04/20/2005  17:00    2122973131

APR-20-2005 12:00  FROM:OKANE AND TEGAY INS 415 661 2540           TO:12122973146          P:1/2

*To: Sanga Pattan 4/20/05*

## DISTINGUISHED PROPERTIES ASSOCIATES INC., PURCHASING GROUP
### Real Estate Program - GENERAL LIABILITY
### PROPOSAL FACT SHEET

**LIMIT/EXPOSURE SUMMARY** (Notify us immediately of any changes)      Apr 19, 2005

| | |
|---|---|
| Member: | Sal S. & Nariman Zagari |
| Insured ID: | 548355 |
| | Submission Number: 1022948 |
| Carrier: | Discover Specialty Insurance Company |
| | (Non-Admitted Company)            A XV   A.M. Best Rating |

Proposed Effective Date: 5/1/2005                    Coverage Term: Twelve (12) months

Limit of Insurance:    $1,000,000 Each Occurrence Bodily Injury, Property Damage, Personal and Advertising Injury
                       $2,000,000 General Aggregate Limit, per location (BI and PD)

Coverage Summary:     See attached

**Exposure Basis:**
| | |
|---|---|
| Number of Units: | 57 |
| Commercial Square Feet: | 0 |
| Parking Lot Sq Ft: | 11,400 |
| Number of Swimming Pools: | 0 |
| Vacant Land Acreage: | 0 |
| Number of Marina Slips | 0 |

### COST SUMMARY

| | |
|---|---|
| Annual Base Premium: | $8,229.00 Commission: 10% (Paid on Base and TRIA Premium only) |
| Annual TRIA Premium: | $1,216.85 |
| RPG Fee (12.5%): | $1,181.48 |
| Total Annual Cost: | $10,633.33 |

**Plus:**
Surplus Lines Taxes:    $304.83 (state tax, stamping fee & filing fee)
The Purchasing Group will handle the completion and filing of Surplus Lines Placement.

**PAYMENT DUE WITHIN 30 DAYS OF THE EFFECTIVE DATE**

*#9551.21 No Terrorism*

This quote does not include Property or Umbrella Liability coverages.

**REQUEST TO BIND** (Must be faxed to Distinguished Programs prior to 5/1/2005)
                                  Attn: Sanghamithra Pattam
Coverage should be considered bound only with written binding confirmation from our office.
Bind (as per data provided above) effective 5/1/05    Note: Coverage cannot be back dated.

Bind with TRIA Coverage _____    (Bind without TRIA Coverage   X)

Producer: Okane & Tegay Insurance
Signature: _Thomas C. Okane_    Date: 4/20/05
Our fax numbers are (212) 297-3146, (212) 297-3132, (212) 297-3130 and (212) 297-3122.

*Please forward a Binder & Invoice ASAP.*
*Thank you.*

Distinguished Properties Umbrella Managers, Inc.

Coverage: Umbrella Liability

Broker: Sobel Affiliates

**OTHER NAMED INSURED SCHEDULE AS OF: April 20, 2005**

Lead Named Insured: The Grove, LLC

Submission No.: 1004967

Covg. Eff. Date:

Covg. Ex. Date:

**FILE CLOSED**

Service Underwriter: JARAMILL

Insured Reference Number: 487403

| ONI ID | Name | Alternate / Dba Name | Date Added * | Description | Interest |
|--------|------|---------------------|--------------|-------------|----------|
| 518432 | None | | 1/6/05 | | |

* Added After Coverage Effective Date

Page 1 of 1

04/20/2005  17:00

212973131

DISTINGUISHED PRMS

PAGE   17/18

Location Schedule as of: April 20, 2005

**Distinguished Properties Umbrella Managers, Inc.**

Coverage: Umbrella Liability

Submission No.: 9974751

Broker: Sobel Affiliates

Lead Named Insured: The Grove, LLC

Covg. Eff. Date: 1/6/04

Covg. Ex. Date: 1/6/05

Service Underwriter: JARAMILL

Insured Reference Number: 487403

EXPIRED

| Record ID | Part of Record | Principal Location | City | State | Zip Code | No. of Blds. (2) | Yr. Built (3) | Constr. Type | No. Floors (4) | Sprink Type | Occ. Type | Hab. Units | Comm'l Sq Feet | Bldg Sq Ft | Vacant Land Acres | Number of Pools | Parking Type | Parking Sq Ft |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 49397 | | 147-28 90th Av e | Jamaica | NY | 11435 | 1 | 1928 | NCM | 6 | N | RN7 | 54 | 0 | 61,200 | 0 | 0 | None | 0 |
| 49598 | | 65 Ocean Avenue | Brooklyn | NY | 11225 | 1 | 1925 | MNC | 6 | N | RN7 | 41 | 0 | 36,080 | 0 | 0 | None | 0 |
| | | | | | | | | | | | Exposure Totals: | 95 | 0 | 97,280 | 0 | 0 | | 0 |

Vehicle Breakout: PPT: 0

Med Tr/Pick Up: 0

Light Tr./Van: 0

Heavy: 0

Med Vehicle: 0

If added After Coverage Effective Date
Of same Construction and Occupancy Type

(3) Of Oldest Building at Location
(4) Of Tallest Building at Location

This Coverage has a per location limit and/or aggregate. Separate records on this Location Schedule might not constitute separate locations. Please read the policy terms, which control.

Page 1 of 1



## THE DISTINGUISHED PROGRAMS GROUP

### Acknowledgement of Change in Coverage
### Master Purchasing Group Policies

Distinguished Prop Umbr Mgrs RPG ('03):
RPG Umbr Liab - $100MM Mix CA/NY ('03)

**Insured:** The Grove, LLC
**Effective Date of Change:** 5/4/2004

    1.    __X__    Amend named insured - Delete 65 Ocean Avenue Associates, LLC

    2.    _____    Add the following location(s).

            _____

            _____

    3.    __X__    Delete the following location(s).
            65 Ocean Avenue, Brooklyn, NY

    4.    _____    Amend the following location(s).

            _____

            _____

    5.    _____    Amend mailing address. A revised certificate of coverage is enclosed

    6.    _____    Change umbrella limit from _____ to _____. A revised  certificate  of
            coverage is enclosed. If limit has been increased, applicable policies are
            enclosed.

    7.    _____    Cancel coverage.

    8.    _____    Other: _____

### Confirmation of Change
Our files have been updated as indicated above.  No endorsement will be issued.

Return Short Term Cost:   __$895__

Our invoice(s) are attached, if applicable.  Please make check payable to **Distinguished Programs Risk Management LLC**.  If you are entitled to commission, it will be remitted to you after full payment is received.

Authorized Signature: _____ Date: __Dec 17, 2004__
                         Taryn J. Rosu
                      Service Underwriter

**Sobel Affiliates, Inc.**
595 Stewart Avenue
Garden City, NY 11530-4735
Phone: 516-745-0000  Fax: 516-745-5733

| | M E M O | | Page |
|---|---|---|---|
| ACCOUNT NO. | OP | DATE | |
| IRVIN-I | AF | 10/19/2004 | |
| | POLICY INFORMATION | | |
| POLICY #. | | | |
| REWUMBRELLA | | | |
| TYPE | | EFFECTIVE | EXPIRATION |
| UM-S | | 01/06/2004 | 01/06/20 |

Distinguished Program
6 East 43rd Street, 15th Floor
New York, NY 10017

Agency code:

CUSTOMER:  THE GROVE LLC ETAL

ID # 487403
1004967

ATTN: MAYIR PATEL                          Re: CORRECTION REQUEST

Eff Date of Change: 1/6/04          Bound / Attn: Mayir Patel
                                    Issuing Co: Distinguished Properties

Description:

Note the following changes on the policy:-

1)  At inception, include the following as a Named Insured as per
    initial application submitted:-

        65 Ocean Avenue Associates, LLC.

2)  Effective 5/4/04, delete the following location and named insured as
    coverage was replaced:-

        Location: 65 Ocean Avenue, Brooklyn, NY  all units
        Named Insured: 65 Ocean Avenue Associates, LLC

(The remaining location and named insured on the policy is 147-28 90th
Ave, Jamaica, NY; The Grove LLC)

Rate @ inception          Annual fee

|         |        |         |       |
|---------|--------|---------|-------|
| 34.80   |        | 1427    | 801   |
| 2.77    |        | 114     | 77    |
| 2.31    |        | 95      | 64    |
| 5.25    |        | 215     | 146   |
| 2.23    |        | 91      | 62    |
|         |        | 1322    | 845   |

Underwriter Acceptance / Date

PRF. 677

**Ann Marie Forbes**